**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENGUANG HE,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 21-1003<br><br>Agency No. A213-056-634<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 3, 2023[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

 Enguang He (Petitioner), a citizen of China, seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") order denying his application[1] for asylum and withholding of removal. This court has jurisdiction under 8 U.S.C. § 1252 and denies the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[1] He's claim for relief under the Convention Against Torture ("CAT") was waived before the IJ, not addressed in front of the BIA, and is therefore not before this Court.

1. <u>Substantial evidence supports the agency's adverse credibility determination.</u> We review the agency's adverse credibility determination for substantial evidence "based on the 'totality of the circumstances and all relevant factors.'" *Alam v. Garland,* 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)); *see also Soto–Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). That standard requires "that the IJ state explicitly the factors supporting his or her adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010). The factors giving rise to the adverse credibility determination do not need to go to the heart of a petitioner's claim. *See Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011).

Here, the BIA affirmed the IJ's adverse credibility determination and agreed that the IJ cited specific reasons in support of his adverse credibility determination. The BIA agreed with the numerous discrepancies that the IJ highlighted. In particular, He claimed at his asylum interviews that seven people were arrested but subsequently provided testimony to the IJ that twelve people were arrested. He also provided inconsistent dates for reporting to the village committee and made inconsistent statements concerning his baptism and whether he was Christian. These inconsistencies show that the agency made its adverse credibility determination based on substantial evidence. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186–88

(9th Cir. 2016) (holding that inconsistencies in the record and in the petitioner's testimony were sufficient to uphold the BIA's adverse credibility determination).

2. <u>Substantial evidence supports the agency's determination that He's corroborating evidence was insufficient to support his claims for asylum and withholding</u>. He provided a fine receipt from his mother, a medical note, and his household registration. This evidence does not compel the conclusion that He should have been granted asylum and withholding. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

Thus, the BIA appropriately concluded that He's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION DENIED.**